**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:16-cv-02370-WJM-MEH**

**LISA MURPHY**, individually and on behalf
of all similarly situated individuals and on
behalf of the Proposed Rule 23 Class,
Plaintiff,
v.

**ALLSTAFF MEDICAL RESOURCES, INC.**, and
**ALLSTAFF HOMECARE, LLC**,
Defendant.

---

**RESPONSE TO PLAINTIFF'S**
**MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED DISCOVERY, COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS, AND APPOINTMENT OF INTERIM CLASS COUNSEL [Doc# 21]**

---

**COME NOW** the Defendants, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., Steven Janiszewski, and respond to PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED DISCOVERY, COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS, AND APPOINTMENT OF INTERIM CLASS COUNSEL [Doc# 21] (MOTION FOR CONDITIONAL CERTIFICATION, ETC.) as follows.

## INTRODUCTION

Plaintiff has filed a MOTION FOR CONDITIONAL CERTIFICATION, ETC. in this class action, which action is based upon allegations that this Court has subject matter jurisdiction under the FLSA. AMENDED COMPLAINT [Doc# 7] paragraph 12. Plaintiff supports that jurisdictional allegation by alleging that Defendants are involved in interstate commerce. AMENDED COMPLAINT [Doc# 7] paragraphs 46 and 47. Defendants have answered, denying the allegations in paragraphs 12, 46 and 47 of the AMENDED COMPLAINT and raising lack of subject matter

jurisdiction as an affirmative defense. ALLSTAFF HOMECARE, LLC'S ANSWER [Doc# 19] paragraphs 8, 19, 20, and Affirmative Defense #1; ALLSTAFF MEDICAL RESOURCES, INC.'S Answer [Doc# 20] paragraphs 8, 18, 19, and Affirmative Defense #1. Defendants have moved to stay a decision on Plaintiff's MOTION FOR CONDITIONAL CERTIFICATION, ETC., until after the jurisdictional issue is decided. [Doc# 32] Plaintiff's MOTION FOR CONDITIONAL CERTIFICATION, ETC. will be moot, if the Court lacks subject matter jurisdiction.

If the Court decides that it has subject matter jurisdiction, it should deny Plaintiff's MOTION FOR CONDITIONAL CERTIFICATION, ETC., because Plaintiff's purported class is not large enough to certiy.

**ARGUMENT**

**1. Joinder Of The Purported Class Members Is Practicable.**

As the parties seeking class certification, Plaintiffs must first demonstrate that all four prerequisites of Federal Rule of Civil Procedure 23(a) are clearly met. *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Tabor v. Hilti, Inc.*, 703 F.3d 1206 (10th Cir. 2013). The first threshold element is: (1) the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a). The party seeking to certify a class bears the strict burden of proving the requirements of Rule 23. *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Rule 23 does not set forth a "mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011). Instead, a party seeking to certify a class "must affirmatively demonstrate his compliance with the Rule." *Id.* When deciding whether the proposed class meets the requirements of Rule 23, the Court accepts the plaintiffs' substantive allegations as true, though it need not blindly rely on conclusory allegations and may consider

the legal and factual issues which the complaint presents. *Shook*, 386 F.3d at 968; *see also Vallario v. Vandehey*, 554 F.3d 1259, 1265 (10th Cir. 2009). The Court should not pass judgment on the merits of the case, but must conduct a "rigorous analysis" to ensure that the requirements of Rule 23 are met. *D.G. ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

Here, a rigorous analysis will reveal that the proposed class is not so numerous that joinder of all members is impracticable. At the first Scheduling Conference, counsel for Plaintiff opined that the class may consist of forty people. Forty people could practicably be joined as plaintiffs.

**WHEREFORE**, Defendants pray that this Court stay its decision on Plaintiff's MOTION FOR CONDITIONAL CERTIFICATION, ETC., until the Court decides Defendants' EARLY MOTION FOR SUMMARY JUDGMENT. If the Court grants Defendants' Early Motion For Summary Judgment, Defendants' pray that this Court deny Plaintiff's Motion For Conditional Certification, Etc. as moot. If the Court denies early summary judgment, Defendants' pray that this Court deny Plaintiff's Motion For Conditional Certification, Etc., because the proposed class is so small that its members can practicably be joined as plaintiffs.

Dated: January 10, 2017

Respectfully Submitted,

Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C.

s/Steven Janiszewski
Steven Janiszewski
Bar Registration Number: 14634
50 South Steele Street, Suite 600
Denver, Colorado 80209
Telephone: (303) 298-7392
E-mail: sjaniszewski@riggsabney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2017, I electronically filed the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED DISCOVERY, COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS, AND APPOINTMENT OF INTERIM CLASS COUNSEL [Doc# 21]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David H. Grounds
dgrounds@johnsonbecker.com

Neil B. Pioch
npioch@sommerspc.com

s/ *Steven Janiszewski*