**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:16-cv-02370-WJM-MEH**

**LISA MURPHY**, individually and on behalf
of all similarly situated individuals and on
behalf of the Proposed Rule 23 Class,
Plaintiff,
v.

**ALLSTAFF MEDICAL RESOURCES, INC.**, and
**ALLSTAFF HOMECARE, LLC**,
Defendants.

---

**DEFENDANTS' REPLY BRIEF ON THEIR**
**EARLY MOTION FOR SUMMARY JUDGMENT—LACK OF**
**SUBJECT MATTER JURISDICTION**

---

**COME NOW** the Defendants, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., Steven Janiszewski, and submit their REPLY BRIEF on their EARLY MOTION FOR SUMMARY JUDGMENT—LACK OF SUBJECT MATTER JURISDICTION [Doc# 36] ("EARLY MOTION").

## INTRODUCTION

Plaintiff's OPPOSITION [Doc# 41] misses the mark. It does not address the arguments or the facts presented in Defendants' EARLY MOTION. The CFRs upon which Plaintiff relies do not confer subject matter jurisdiction. The Commerce Clause controls and limits the legislative, the executive, and the judicial powers to controlling commerce "among the several states." *Arbaugh* is distinguishable from FLSA cases, and this Court will not be the first to so find. Plaintiff misinterprets the FLSA and argues that the FLSA does what it cannot do**:** expand Commerce Clause jurisdiction of federal courts to include purely intra-state business. Plaintiff relies heavily upon allegations in her AMENDED COMPLAINT and disregards F.R.C.P. 56(c) and (e), virtually

confessing Defendants' EARLY MOTION.

**ARGUMENT**

**2. Not *All* Domestic Service Workers Affect Interstate Commerce.**

Plaintiff asserts, on page 4, that "In 1974, Congress explicitly found 'that the employment of persons in domestic service in households affects commerce.' 29 U.S.C. § 202(a)(5)." The initial clause of 29 U.S.C. § 202(a) disproves Plaintiff's assertion, by limiting the application of that section to "industries engaged in commerce or in the production of goods for commerce."

> The Congress hereby finds that ***the existence, in industries engaged in commerce or in the production of goods for commerce***, of labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce. *That Congress further finds that the employment of persons in domestic service in households affects commerce.*

29 U.S.C. § 202(a). Emphasis supplied.

**The Harmonious Whole**

To isolate the last (incomplete) sentence in 29 U.S.C. § 202(a) from the first clause of that section, as Plaintiff suggests, violates the harmonious whole doctrine of statutory construction. *See Scialabba v. De Osorio*, 134 S.Ct. 219, 2214-2215 (2014)(The first clause states a condition—one that beneficiaries from any preference category can meet—and thereby defines the persons potentially affected by this provision.) This Court must not isolate the last sentence in 29 U.S.C. § 202(a) from the first clause of that section, but should interpret the section as a whole, giving the first clause its definitional effect for the

entire section, to produce a statement such as "***in industries engaged in commerce or in the production of goods for commerce,*** *the employment of persons in domestic service in households affects commerce.*"

**2. Plaintiff Miscites and Misquotes *Camara v. Matheson*.**

Still on page 4, Plaintiff cites "*Camara v. Matheson Trucking, Inc.*, *et al.*, No 12-cv-03040-CMA-CBS, 2013 WL 971026, at *3 (D. Colo. 2013)(quoting *Bristol v. Bd. Cnty. Comm'rs of Clear Creek*, 312 F.3d 1213, 1221 (10th Cir. 2012))," for the proposition that "Typically, the issue of determining whether an employer is an employer under the FLSA is a fact issue for the jury." The *Camara v. Matheson* cited by Plaintiff is a stipulated protective order, of no precedential value. The quote from *Bristol* appears in *Camara v. Sanchez,* 2014 U.S. Dist. LEXIS 134941, at *3 (D. Colo. 2014), which decision is inapposite, as it addresses a "joint employer" issue, not subject matter jurisdiction under the Commerce Clause.

**3. Engagement In Interstate Commerce Matters—Not Size.**

On page 5, Plaintiff re-asserts that "In 1974, Congress explicitly found 'that the employment of persons in domestic service in households affects commerce.' 29 U.S.C. § 202(a)(5)." This time she bolsters her assertion by citing *Long Island Car at Home, Ltd v. Coke*, 551 U.S. 158, 162 (2007), which does not support Plaintiff's assertion, because the *Coke* court addresses and decides issues regarding the statutory exemption in 29 U.S.C. § 213(a)—not subject matter jurisdiction under the Commerce Clause. In the same paragraph, Plaintiff concludes that "Accordingly, the FLSA applies to all companies, irrespective of size, that employ domestic service employees. 78 Fed. Reg. 190, 60454 (Oct. 1, 2013) (citation omitted.)" 78 Fed. Reg. 190, 60454, entitled, "Application of the Fair Labor Standards Act to Domestic

Service," is 243 pages long. Not citing to a page or pages in such a document renders the citation useless. The size of a company may not matter, but its being "*engaged in commerce or in the production of goods for commerce*," does. 29 U.S.C. § 202(a).

**_Weil_ Is a Red Herring.**

Still on page 5, Plaintiff, argues from *Home Care Ass'n of America v. Weil*, 799 F.3d 1084, 1087 (D.C. Cir. 2015), that "Accordingly, companies, like Defendants, that employ home health aides had to start paying overtime to its [*sic*] workers by January 1, 2015." *Weil* does not support Plaintiff's conclusion.

> The FLSA, *29 U.S.C. §§ 201 et seq.*, ***generally requires covered employers*** to pay a minimum wage, ***and also requires payment of overtime*** compensation at an hourly rate equaling 150% of normal pay for weekly work hours beyond forty. *29 U.S.C. §§ 206(a), 207(a)(1)*.

*Home Care Ass'n of America v. Weil,* 799 F.3d, at 1087. Emphasis supplied.

29 U.S.C. § 206(a), reads:

> ***Employees engaged in commerce***; *home workers* ***in Puerto Rico and Virgin Islands***; ***employees in American Samoa; seamen on American vessels; agricultural employees***. Every employer shall pay to each of his employees ***who*** *in any workweek* ***is engaged in commerce or in the production of goods for commerce***, *or* ***is employed in an enterprise engaged in commerce or in the production of goods for commerce***, wages at the following rates:

29 U.S.C. § 207(a), reads:

> ***Employees engaged in interstate commerce***; additional applicability to employees pursuant to subsequent amendatory provisions.

*Weil* does not address the jurisdictional issue currently before this Court. It addresses exceptions available to businesses that are covered by the FLSA.

> The 1974 Amendments also ***exempted*** defined categories of domestic-service workers from certain FLSA protections. ***This case concerns two of those exemptions***.

*Home Care Ass'n of America v. Weil,* 799 F.3d, at 1088. Emphasis supplied.

*Weil* is inapposite because this Court has not yet decided whether these Defendants are covered employers under the FLSA. The issue, here, is federal question subject matter jurisdiction under 28 U.S.C. § 1331, through the FLSA, not the exemptions available to employers who are covered by the FLSA. *Weil*, is a red herring. The Commerce Clause defines the federal question as commerce "among the several states." If there is no commerce among the several states, there is no federal question.

**No End-Run Around Congress To The Commerce Clause.**

On pages 5 and 6, Plaintiff asserts that "Defendants attempt an end-run around Congressional findings" by arguing that "Congress was limited by the Commerce Clause to regulating interstate commerce." To continue Plaintiff's metaphor and to correct it, Defendants ran up the middle, through the A-Gap in the line of Congressional intent, to the Commerce Clause, and they are not the first to do so. *Blow v. Kansas*, 929 F. Supp. 1400, 1402 (D. Kan. 1998), dismissed an FLSA case for lack of subject matter jurisdiction, holding that:

> There is no question that Congress passed the FLSA pursuant to the Interstate Commerce Clause. *29 U.S.C. § 202(b)* ("It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations. . . ."). Thus, because the FLSA was enacted pursuant to the Interstate Commerce Clause and because *Seminole Tribe* determined that Congress does not have authority under the Interstate Commerce Clause to abrogate a state's Eleventh Amendment immunity, there can be no cause of action against a state or any of its agencies under the FLSA. Accordingly, the court does not have subject matter jurisdiction over this case and it must be dismissed.

**4. No Alleged Facts Support Tangential Commerce Clause Jurisdiction.**

On pages 5 and 6 of their EARLY MOTION, Defendants cite *United States v. Darby*, 312 U.S. 100, 116, 61 S. Ct. 451, 85 L. Ed. 609 (1940), for the proposition that "Congress derived its power to enact the FLSA from the Commerce Clause and was limited by the specific

prohibitions of the Constitution." Plaintiff claims on page 5 of her OPPOSITION, that *U.S. v. Darby*, 312 U.S. 100, 121 (1941), "granted Congress the authority to regulate labor standards." *Darby* supports both. It supports Defendants' proposition, as follows:

> The reasoning and conclusion of the Court's opinion there cannot be reconciled with the conclusion which we have reached, that the power of Congress *under the Commerce Clause* is plenary to exclude any article from *interstate commerce subject only to the specific prohibitions of the Constitution.*

*U.S. v. Darby*, 312 U.S., at 116. Emphasis supplied.

And it supports Plaintiff's citation, as follows:

> While *manufacture is not of itself interstate commerce, the shipment of manufactured goods interstate is such commerce* and *the prohibition of such shipment by Congress is indubitably a regulation of the commerce.*

*U.S. v. Darby*, 312 U.S., at 121. Emphasis supplied.

Plaintiff also accurately relates *Darby*'s ***dicta*** that "the power of Congress to regulate interstate commerce extends to the regulation through legislative action of activities intrastate which have substantial effect on the commerce or Congressional power over it." *Id.*, at 119-120. But the ***holding*** in *U.S. v. Darby* supports Defendants' position**:**

> The means adopted by § 15 (a) (2) *for the protection of interstate commerce* by the suppression of the *production of the condemned goods for interstate commerce* is so *related to the commerce* and so affects it *as to be within the reach of the commerce power.*

*U.S. v. Darby*, 312 U.S., at 122. Emphasis supplied.

*Darby* disproves Plaintiff's position, because Plaintiff's conclusory jurisdictional allegations do not invoke this Court's jurisdiction over intrastate activity, under the Commerce Clause, as described in *Darby*.

> The Plaintiff is covered under "individual coverage" under the FLSA, 29 U.S.C. § 207(a)(1), because she is a person engaged in the interstate commerce of providing health services.

Amended Complaint, paragraph 46.

and

> The Defendants were engaged in interstate commerce or in the production of goods for commerce.
>
> Amended Complaint, paragraph 47.

First, U.S.C. § 207(a)(1) does not include the phrase "health services," and does not confer jurisdiction beyond "***Employees engaged in interstate commerce,"*** as shown above. Second, Defendants are not engaged in interstate commerce or in the production of goods for commerce. Defendants provide only services. Allstaff Homecare, LLC provides services only in the Denver Metro Area. Declaration of Martin Snow. [Docs# 36-2 and 46-1]. Allstaff Medical Resources, Inc., provides temporary medical staff to medical facilities in the Denver Metropolitan Area and in Pueblo, Colorado. [Doc# 36-1].

Whether a federal district court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971)(holding that the court did not have jurisdiction). Plaintiff does not allege any facts that describe Defendants' tangential involvement in interstate commerce—as though she trusts that, in some way, all businesses are tangentially involved in interstate commerce, the details of which she was not aware at the time of drafting her AMENDED COMPLAINT. Had she conducted a reasonable inquiry, before drafting, she may have gathered sufficient facts to allege tangential commerce clause jurisdiction; or, realized that these Defendants are not tangentially involved in interstate commerce and sued them only in state court, where this case belongs.

**5. *Garza* Mis-Reads the Ruling in *Sizova.***

Without addressing Defendant's EARLY-MOTION argument (p.p. 5-6) that *Arbaugh v. Y &*

*H Corp.*, 546 U.S. 500, 515-16, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006)—which held that the coverage requirements of Title VII Civil Rights Act claims should be treated by the lower courts as nonjurisdictional in character—is distinguishable and *not* analogous to FLSA cases, Plaintiff paraphrases *Garza*'s ruling to be**:** "that showing that an entity was a covered 'employer' under the FLSA was an element of the claim, not a jurisdictional requirement." Opposition, p. 7. Plaintiff's paraphrase is accurate-enough, but the ruling it paraphrases is not entirely based upon the *Arbaugh* case.

The *Garza* opinion builds up to reliance upon *Arbaugh* by, first, citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002), for the proposition that "In determining whether the jurisdictional question is intertwined with the merits of Plaintiffs' case, the court inquires 'whether the resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'" *Sizova,* 282 F.3d, at 1325, held that "the jurisdictional issue is whether Ms. Sizova has exhausted her administrative remedies, a matter that is simply not an aspect of her substantive claim of discrimination." Here, as in *Sizova*, the jurisdictional issue of Defendants' involvement in interstate commerce is not a necessary aspect of Plaintiff's substantive claim for overtime pay. She can recover her overtime pay in state court, under state law. Therefore, the question of this Court's subject matter jurisdiction is not intertwined with the merits of Plaintiff's case. *Sizova,* 282 F.3d, at 1325.

**6. Defendants' Met Their Burden. Plaintiff Disregarded Rules 56(c) and (e) And Failed To Invoke Rule 56(d).**

Also on page 7, Plaintiff asserts that "Defendants have failed to show why this Court should be the first to rule against the overwhelming number of cases that found the opposite. In short, to the extent the enterprise coverage needs to be proved in this case, it is an element of our

claim and not a jurisdictional issue." First, Defendants' burden is not as Plaintiff describes it. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). Defendants have met that burden by showing that Plaintiff has not alleged facts showing that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, under 29 U.S.C. § 201, *et seq.*, directly or tangentially, by showing that neither of these Defendants nor their employees are not involved in interstate commerce directly or tangentially. Plaintiff disregarded F.R.C.P. 56(c) and (e) by not responding to the DECLARATIONS incorporated into Defendants' EARLY MOTION and failed to invoke the assistance of F.R.C.P. 56(d). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment. F.R.C.P. 56(e)(3).

**This Court Will Not Be The First To Correctly Apply *Arbaugh*.**

Second, this Court will not be the first to correctly apply the ruling in *Arbaugh* to an FLSA case. For instance,

> I conclude that employee status under the FLSA is a jurisdictional question…. My ruling is consistent with the bright line rule adopted by the Supreme Court in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510, 511, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), that "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue."

*Li v. Renewable Energy Solutions, Inc.*, 2012 U.S. Dist. LEXIS 22312, *15, FN 2, *13 (D. N.J. 2012). Not published.

The court in *Doe v. Four Brothers Pizza, Inc.*, 2013 U.S. Dist. LEXIS 166470, *17 (S.D. N.Y. 2013), after thoroughly analyzing the *Arbaugh* opinion, summarized as follows:

> In short, applying the bright-line rule set forth in *Arbaugh*, and considering the plain language of Section 216(b), the Court concludes Congress intended an employment relationship to be a jurisdictional prerequisite under the FLSA.

## CONCLUSION

For the reasons stated above and in Defendants' EARLY MOTION, this Court should find that there are no disputed issues of material fact, that Defendants are entitled to judgment as a matter of law, conclude that Defendants should, therefore, have judgment in their favor and against the Plaintiff, dismissing the case for lack of subject matter jurisdiction, and enter such judgment.

Dated: February 9, 2017

Respectfully Submitted,

Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C.

s/Steven Janiszewski
Steven Janiszewski
South Steele Street, Suite 600
Denver, Colorado 80209
Telephone: (303) 298-7392
E-mail: sjaniszewski@riggsabney.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2017, I electronically filed the foregoing **REPLY BRIEF ON DEFENDANTS' EARLY MOTION FOR SUMMARY JUDGMENT—LACK OF SUBJECT MATTER JURISDICTION,** together with its **EXHIBITS A** and **B**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David H. Grounds
dgrounds@johnsonbecker.com

Neil B. Pioch
npioch@sommerspc.com

s/ *Steven Janiszewski*