IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 16-cv-2370-WJM-MEH

LISA MURPHY, individually and on behalf of all similarly situated individuals and on behalf of the Proposed Rule 23 Class,

    Plaintiff,

v.

ALLSTAFF MEDICAL RESOURCES, INC., and
ALLSTAFF HOMECARE, LLC,

    Defendants.

## ORDER DENYING DEFENDANTS' EARLY MOTION FOR SUMMARY JUDGMENT

In this action, Plaintiff Lisa Murphy brings claims against Defendants Allstaff Homecare, LLC and Allstaff Medical Resources, Inc. (together, "Defendants"), on behalf of herself and a putative class, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Wage Act ("CWA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, and Colorado Minimum Wage Order Number 31 ("MWO"), Code Colo. Reg. § 1103-1. (ECF No. 7.) Before the Court is Defendants' Early Motion for Summary Judgment ("Motion"), in which Defendants contend that this Court lacks subject-matter jurisdiction over Plaintiff's claims. (ECF No. 36.) For the reasons set forth below, the Motion is denied.

### I. BACKGROUND

The following facts are undisputed, unless attributed to one party or another, or otherwise noted.

Plaintiff was employed by Defendant Allstaff Homecare, LLC as an hourly paid care giver/home health-aide from August 26, 2015 through June 19, 2016.  (ECF No. 41 at 3; ECF No. 7 ¶ 2; ECF No. 19 ¶ 2.)  Plaintiff alleges that as a home health-aide worker she receives the benefit of "overtime and minimum wage protections" guaranteed by the FLSA.  (ECF No. 7 ¶ 22.)  "During her employment, Plaintiff regularly worked more than 40 hours a week in the homes of her employers' clients."  (ECF No. 7 ¶ 35; ECF No. 19 ¶ 18.)  However, Plaintiff was only paid "straight time, and not overtime, despite her working well over 40 hours a week."  (ECF No. 7 ¶ 38; ECF No. 19 ¶ 17.)

Based on this course of events, Plaintiff filed her "Collective and Class Action Complaint" on September 20, 2016.  (ECF No. 1.)  Plaintiff subsequently amended her "Collective and Class Action Complaint" on November 1, 2016.  (ECF No. 7.)  Defendants individually filed their Answers on December 6 and 7, 2016.  (ECF Nos. 19, 20.)  On December 15, 2016, Plaintiff filed a Motion for Conditional Collective Action Certification requesting entry of an order conditionally certifying the proposed collective FLSA class, and authorizing notice to all potential class members who are not already named plaintiffs in this action.  (ECF No. 21.)

On January 19, 2017, Defendants filed their Early Motion for Summary Judgment.  (ECF No. 36.)  On January 23, 2017, discovery and briefing on the pending Motion for Collective Action Certification (ECF No. 21) was stayed pending resolution of the instant Motion.  (ECF No. 40.)  On January 29, 2017, Plaintiff filed her Response to the Motion.  (ECF No. 41).  Defendants filed their Reply on February 9, 2017.  (ECF No. 43.)  The Motion is now ripe for review.

## II. LEGAL STANDARD

Summary Judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Adamson v. Multi. Cmty. Diversified Servs., Inc.,* 514 F.3d 1136, 1145 (10th Cir. 2008). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

On a motion for summary judgment, the moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Adamson*, 514 F.3d at 1145. Where the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by demonstrating a lack of evidence for an essential element of the nonmovant's claim. *Id.* In deciding whether the moving party has carried its burden, the Court does not weigh the evidence, and instead views it, and draws all reasonable inferences from it, in the light most favorable to the nonmoving party. *Adamson*, 514 F.3d at 1145.

## III. ANALYSIS

The undersigned permits an early motion for summary judgment if filed "within 30 days after entry of the initial scheduling order," and if the motion "presents a substantial and well-supported argument for significantly reducing the claims or issues in the case." WJM Revised Practice Standards III.E.2.

Plaintiff's "First Amended Collective and Class Action Complaint" alleges that this Court "has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim[] raise[s] a federal question."  (ECF No. 7 ¶ 12.)  Defendants disagree with this assertion, and in their Motion argue that the Court lacks subject-matter jurisdiction over Plaintiff's FLSA claim, and accordingly may not exercise supplemental jurisdiction over the state law claims.  (ECF No. 36.)  Defendants also contend that Plaintiff "virtually confesses Defendants' Motion" by disregarding Fed. R. Civ. Pro. 56(c) and (e).  (ECF No. 43 at 1–2.)  The Court will address both of Defendants' arguments.

### A. FLSA Coverage Requirements Are Non-Jurisdictional In Nature

Defendants maintain that neither party to this action are covered by the FLSA (*viz.*, FLSA individual and enterprise coverage) because Defendants "are not involved in interstate commerce, and because Plaintiff was not involved in interstate commerce when she worked for Defendant Allstaff Homecare, LLC."  (ECF No. 36 at 4.)  Specifically, Defendants assert that "[i]nvolvement in interstate commerce is *the* constitutionally required jurisdictional element in an FLSA case."  (ECF No. 36 at 7 (emphasis in the original).)  Plaintiff responds that "to the extent enterprise coverage needs to be proved in this case, it is an element of [Plaintiff's] claim and not a jurisdictional requirement."  (ECF No. 41 at 7.)

The Court agrees with Plaintiff and holds that a challenge to either individual or enterprise coverage under the FLSA is non-jurisdictional.  Claims under § 207 of the FLSA for unpaid overtime require an employer to pay overtime to "any of his employees who in any workweek is engaged in commerce or in the production of goods for

4

commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). An "enterprise engaged in commerce" is defined under the FLSA as an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

The Supreme Court has explained that "[s]ubject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006). In *Arbaugh*, the Supreme Court analyzed coverage requirements applicable to Title VII claims and stated that, in instances where "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 515–16 (citations and quotation marks omitted).

In other words, the Supreme Court has developed a "bright line test" to guide lower courts on the matter: in order for a statutory requirement to be jurisdictional, Congress must specifically state that it is, and if Congress fails to make such a statement, then courts are to find that the requirement is non-jurisdictional. *See id.* at 516.

5

Applying this test to §§ 203 and 207, the Court finds that the requirements contained therein are not jurisdictional.  As its title reveals, § 203 is merely the definitional section of the FLSA, and similarly § 207 only discusses "maximum hours" that may be worked before overtime pay is required.  See 29 U.S.C. §§ 203, 207.  Neither section "speak[s] in jurisdictional terms or refer[s] in any way to the jurisdiction of the district courts."  *Arbaugh*, 546 U.S. at 515; *see also Minard v. ITC Deltacom Commc'ns, Inc.*, 447 F.3d 352, 356–57 (5th Cir. 2006) ("In light of the Supreme Court's decision in *Arbaugh*, we conclude that the definition section of the Family Medical Leave Act . . . is a substantive ingredient of a plaintiff's claim for relief, not a jurisdictional limitation."); *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 467–68 (3d Cir. 2011) (holding that the Foreign Trade Antitrust Improvements Act imposed substantive merits limitation rather than jurisdictional bar after reviewing the statutory text); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (holding that the Copyright Act's registration requirement does not restrict a federal court's subject-matter jurisdiction and noting that a "statutory condition that requires a party to take some action before filing a lawsuit is not automatically a jurisdictional prerequisite to suit . . . rather, the jurisdictional analysis must focus on the legal character of the requirement, which we discern by looking to the condition's text, context, and relevant historical treatment") (citations and quotation marks omitted).

Nevertheless, Defendants urge the Court to conclude otherwise, stating that "this Court will not be the first to correctly apply the ruling in *Arbaugh* to an FLSA case." (ECF No. 43 at 9.)  Notably, however, the authority cited by Defendants focuses on the

"employment relationship" holding that the very distinct statutory provision of "employee status" under the FLSA is a jurisdictional question. *See Li v. Renewable Energy Solutions, Inc.*, 2012 WL 589567, at *4–5 (D. N.J. Feb. 22, 2012); *Doe I v. Four Bros. Pizza, Inc.*, 2013 WL 6083414, at *5 (S.D. N.Y. Nov. 19, 2013) ("Unlike in *Arbaugh*, the FLSA's employer-relationship language appears in a statutory provision that plainly speaks in jurisdictional terms, by addressing the jurisdiction of the federal courts to hear claims arising under the FLSA."). The Court agrees with the proposition that existence of an employment relationship between or among the parties is a jurisdictional requirement under the FLSA. This is because § 216 uses the terms "employee" and "employer" throughout, refers to the employment relationship, and speaks in clear jurisdictional terms, stating that "[a]n action to recover [for] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

Clearly, those courts were tasked with determining whether the employment relationship, not interstate commerce, is a jurisdictional requirement. Thus, the cases Defendants rely upon are wholly inapposite to the issues raised in the present Motion. In fact, after *Arbaugh*, district courts have repeatedly held that the FLSA's coverage requirements, like those at issue here, are nonjurisdictional. "Courts across the country, including those in the Tenth Circuit, have consistently held that the question of whether individual or enterprise coverage applies is an element of a plaintiff's FLSA claim rather than a jurisdictional prerequisite." *Garza v. W. Stone of Lyons, LLC*, No.

7

1:14–cv–1953–REB–NYW, at *6 (D. Colo. June 24, 2015) (collecting cases); *see also Butler v. Source Unlimited, Inc.*, 2010 WL 3515707, at *1 (W.D. Okla. Sept. 2, 2010) ("[W]hether defendants are engaged in interstate commerce is not a jurisdictional issue but is an element of plaintiffs' FLSA claim."); *Johnson v. Pleasant Green Missionary Baptist Church, Inc.*, 2013 WL 183735, at *2 (D. Kan. Jan. 17, 2013) ("The contention that the defendants are not engaged in 'commerce,' and hence not subject to the FLSA, is properly construed as a question as to the factual merits of the plaintiffs' claim, and not a question of federal jurisdiction under 28 U.S.C. § 1331."); *Sanchez v. A & A Perez Trucking, Inc.*, 2017 WL 529302, at *1 (S.D. Fla. Feb. 8, 2017) (whether plaintiff was involved individually in interstate commerce is an element of the claim and does not relate to subject-matter jurisdiction).

Therefore, the Court concludes that the interstate commerce requirement underlying both the individual and enterprise coverage claims are elements of Plaintiff's cause of action, not jurisdictional prerequisites.

**B.   Record Not Fully Developed for Ruling on Summary Judgment**

Next, Defendants contend that they have met their summary judgement burden "by showing that Plaintiff has not alleged facts showing that this Court has subject-matter jurisdiction . . . by [failing to show] that neither of these Defendants nor their employees are involved in interstate commerce directly or tangentially." (ECF No. 43 at 9.) Defendants urge the Court to consider the declarations of Mary Sue Van Veen, the President of Defendant Allstaff Medical Resources, Inc., and Martin Snow, the CEO of Defendant Allstaff Homecare, LLC, both of which attest that Defendants do not engage

8

in interstate commerce and only provide homecare services in the Denver metropolitan and Pueblo, Colorado areas. (ECF Nos. 36-1, 36-2.) Defendants point out that "Plaintiff disregards Fed. R. Civ. P. 56(c) and (e) by not responding to the declarations" and, lastly, Defendants argue that "[i]f a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may grant summary judgment." (ECF No. 43 at 9.)

At this early stage in the proceedings, however, the Court finds that summary judgment is not appropriate. The Court notes that the parties have not had an adequate opportunity to engage in discovery, given that the discovery deadline has not been set, nor has the dispositive motion deadline yet been set. (*See* ECF No. 22 at 7.) Further, summary judgment motions should only be decided upon an adequate record, and at this juncture, before any discovery has occurred on facts that appear to be in the possession of Defendants, the Court finds that summary judgment as to Plaintiff's FLSA claim would be unjustly premature. *See Guzman v. Irmadan*, Inc., 551 F. Supp. 2d 1368, 1369 (S.D. Fla. April 29, 2008) (permitting the parties additional time to engage in discovery regarding the jurisdictional issues raised); *see also* WJM Revised Practice Standards III.E.2 (summary judgment customarily filed at the conclusion of pretrial discovery).

Accordingly, the Court denies Defendants' Early Motion for Summary Judgment *without prejudice* to Defendants renewing this argument as it relates to the elements of Plaintiff's claim after the parties have engaged in discovery and fully developed the record on this issue.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Early Motion for Summary Judgment (ECF No. 36) is DENIED *without prejudice*;

2. The stay on discovery pursuant to United States Magistrate Judge Michael E. Hegarty's prior Stay Order (ECF No. 40) is hereby LIFTED; and

3. The parties are FURTHER ORDERED to file a status report with Judge Hegarty's chambers no later than May 26, 2017.

Dated this 22nd day of May, 2017.

BY THE COURT:

William J. Martínez
United States District Judge