**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:16-cv-02370-WJM-MEH**

**LISA MURPHY**, individually and on behalf
of all similarly situated individuals and on
behalf of the Proposed Rule 23 Class,
Plaintiff,
v.

**ALLSTAFF MEDICAL RESOURCES, INC.**, and
**ALLSTAFF HOMECARE, LLC**,
Defendant.

---

# DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION [Doc# 21]

---

**COME NOW** the Defendants, by and through the law firm of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., Steven Janiszewski, and pursuant to this Court's Order of May 15, 2017, submit their SUPPLEMENTAL RESPONSE to PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, EXPEDITED DISCOVERY, COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS, AND APPOINTMENT OF INTERIM CLASS COUNSEL [Doc# 21] ("MOTION FOR CONDITIONAL CERTIFICATION").

## INTRODUCTION

Murphy has moved for, among other things, approval of a *Hoffman-LaRoche* Notice, requesting that the Court permit her to pursue an FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). [**Doc# 21]** Her MOTION FOR CONDITIONAL CERTIFICATION presupposes this Court's approval of her request to bring her FLSA claim as a collective one in the first instance. That presupposition is unjustified. Murphy has not presented "substantial allegations" that either of the defendants has applied a general policy or practice, applicable to many or all of its

employees, of not paying overtime. The Court should deny Murphy's MOTION FOR CONDITIONAL CERTIFICATION.

## ARGUMENT

### 1. The AMENDED COMPLAINT [Doc# 7] Is Almost Entirely Conclusive In Nature.

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001), discussed the process trial courts should use in deciding whether FLSA claims (and those statutes expressly invoking the FLSA's remedial scheme) can and should be brought as putative collective actions. Noting that the FLSA does not define the term "similarly situated," *Thiessen* considered how courts should attempt to determine whether co-workers are "similarly situated" to a named FLSA plaintiff, such a Murphy. *Thiessen*, 267 F.3d at 1102-05.

After discussing a variety of approaches that other courts have taken, *Theissen* observed that the "*ad hoc*" approach was best, "because it is not tied to the Rule 23 standards." *Thiessen*, 267 F.3d at 1105. Under the *ad hoc* approach, the trial court makes an initial "notice stage" determination of whether plaintiffs are "similarly situated" to other co-workers, which determination requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d, at 1102. If the court finds a sufficient threshold showing of similarity, some form of notice may be given to the co-workers of the pendency of the action and a deadline set for them to expressly opt in. *See, generally, Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)(discussing considerations relating to court involvement in the notice process).

This Court should, therefore, begin its determination of Murphy's MOTION FOR CONDITIONAL CERTIFICATION by examining whether Murphy has presented "substantial

allegations" that these defendants have applied a single decision, general policy or practice, applicable to many or all of its employees, of not paying overtime. Murphy's AMENDED COMPLAINT presents no such allegations. Paragraphs 8 through 17 present general, conclusive allegations about the law, under the heading **THE FLSA COVERS DOMESTIC SERVICE EMPLOYEES**, with two exceptions. First, paragraph 9 alleges that "The overtime provisions [of the FLSA] are at issue in this case." Second, paragraph 15 alleges, with emphasis supplied:

> 15. *Historically*, *employers like Defendants* have improperly relied on the "companionship services" exemption to avoid paying overtime to home health aides like the Plaintiff.

Neither paragraph 9 nor paragraph 15 of the AMENDED COMPLAINT present substantial allegations that these defendants have applied a general policy or practice, applicable to many or all of its employees, of not paying overtime, as required by *Thiessen*, 267 F.3d, at 1102.

Paragraphs 18 through 24 of the AMENDED COMPLAINT present, without exception, general, conclusive allegations about the law, under the heading, **CONGRESS EXPANDS THE FLSA TO COVER HOME HEALTH AIDES.** Paragraphs 25 through 31 present, without exception, general, conclusive allegations about the law, under the heading, **THIRD-PARTY AGENCIES ARE SUBJECT TO SPECIAL RULES**. Paragraphs 32 and 33 of the AMENDED COMPLAINT present, without exception, general, conclusive allegations about Colorado law, under the heading **COLORADO WAGE LAWS COVERS DOMESTIC SERVICE EMPLOYEES.**

Paragraphs 34 through 39, present factual allegations about Murphy's employment, under the heading, **PLAINTIFF'S WORK EXPERIENCE**, such as, "Defendants employed Plaintiff," in paragraph 34, and "Defendants, at all times during her employment, paid Plaintiff

only at straight time, and not overtime, despite her working well over 40 hours a week," in paragraph 38. But neither paragraph 34 nor paragraph 38 present substantial allegations that these defendants have applied a single decision, general policy or practice, applicable to many or all of its employees, of not paying overtime, as required by *Thiessen*, 267 F.3d, at 1102. Neither paragraph 34 nor 38 establish a generally-applicable corporate policy that applies to "similarly situated" employees. Instead, those allegations may establish an idiosyncratic payroll error.

Paragraphs 40 through 51 of Murphy's AMENDED COMPLAINT, present general, conclusive allegations about the law, under the heading **FLSA AND COLLECTIVE ACTION ALLEGATIONS**, though this would be place for her to have presented "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," as required by *Thiessen*, 267 F.3d, at 1102. Murphy may argue that paragraph 49 (b) satisfies the *Thiessen* requirements. But it does not. That paragraph reads:

> 49. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendants' policy of not paying their employees overtime at a rate of one-and-one-half times their regular rate); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendants and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

Emphasis in the original.

Paragraphs 67 through 76 present general, conclusive allegations about the law, under the heading, **COUNT 1: VIOLATION OF THE FLSA'S OVERTIME PROVISIONS,** with one exception. Paragraph 70 reads:

> 70. Despite the changes in the regulations, however, the Defendants paid Plaintiff and those similarly situated to her, only straight time, not the FLSA's mandated overtime pay, for each workweek where she works over 40 hours.

But paragraph 70 does not present substantial allegations that these defendants had or applied a general policy or practice of not paying overtime, as required by *Thiessen*, 267 F.3d, at 1102.

**2. Murphy's DECLARATION [Doc# 21-3] Relies Upon Hearsay.**

The DECLARATION of Lisa Murphy, Exhibit 3 to her MOTION FOR CONDITIONAL CERTIFICATION, relies upon hearsay to extend to other employees defendant's alleged "policy" of not paying overtime. In the last sentence of paragraph 5, Ms. Murphy states "This policy applied to all my other co-workers." In paragraph 6 she states:

> 6. Specifically, Shanna Perry and I talked about being paid our regular rate of pay for the overtime hours we worked and she was subjected to the same policy by Allstaff.

This Court should give not weight to Ms. Murphy's hearsay assertions about statements made to her by other employees. *See Saarela v. Union Colony Protective Services*, LEXIS 95253, p. 4 (D. Colo. 2014)(denying motion for conditional certification and notice of FLSA claim).

## CONCLUSION

Because plaintiff has failed to satisfy the fairly lenient requirements of *Thiessen v. General Electric Capital Corp*., 267 F.3d 1095 (10th Cir. 2001), this Court should deny her MOTION FOR CONDITIONAL CERTIFICATION.

Dated: May 22, 2017

Respectfully Submitted,

Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C.

s/Steven Janiszewski
Steven Janiszewski
Bar Registration Number: 14634
50 South Steele Street, Suite 600
Denver, Colorado 80209
Telephone: (303) 298-7392
E-mail: sjaniszewski@riggsabney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2017, I electronically filed the foregoing **DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'SMOTION FOR CONDITIONAL CERTIFICATION [Doc# 21]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David H. Grounds
dgrounds@johnsonbecker.com

*s/ Steven Janiszewski*