**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2370-WJM-MEH

LISA MURPHY, individually and on behalf of all similarly situated individuals and on behalf of the Proposed Rule 23 Class,

    Plaintiff,

v.

ALLSTAFF HOMECARE, LLC,

    Defendant.

---

**ORDER GRANTING PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court are the parties' cross motions for summary judgment. Both motions, in essence, seek the Court's determination of whether, as a matter of law, Plaintiff Lisa Murphy or opt-in Plaintiff Gloria Pacheco (together, "Plaintiffs") were covered by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, while employed by Defendant AllStaff Homecare, LLC ("Defendant"). Plaintiffs move for partial summary judgment in their favor asking the Court to declare, as a matter of law, that Defendant violated the FLSA and an analogous Colorado state law, leaving only the issues of willfulness and damages for trial. (ECF No. 64 ("Plaintiffs' Motion").) Defendant seeks summary judgment in its favor on the grounds that Plaintiffs have not and cannot put forth any evidence that either party engaged in interstate commerce, and therefore Plaintiffs are not covered by the FLSA. (ECF No. 63 ("Defendant's Motion").) Defendant also asks the Court to decline supplemental jurisdiction over

Plaintiffs' state law claims. (ECF No. 66.)

For the reasons explained below, the Court grants Plaintiffs' Motion and denies Defendant's Motion.

## I. BACKGROUND

The following summary is drawn from the parties' statements of material facts. The vast majority of the facts are undisputed.

Plaintiffs are former home health aides ("HHAs") employed by Defendant to provide in-home care for Defendant's clients. (ECF No. 64 at 7, ¶ 3; ECF No. 66 at 2, ¶ 3.) Defendant is a Colorado corporation headquartered in Denver, and employs HHAs to provide in-home direct care and household services. (ECF No. 64 at 8, ¶ 6; ECF No. 66 at 2, ¶ 6.) Defendant has at least two employees and annual dollar volume of sales or business of at least $500,000. (ECF No. 64 at 8, ¶¶ 7–8; ECF No. 66 at 2, ¶¶ 7–8.)

Murphy worked for Defendant as a HHA from August 26, 2015 to June 19, 2016, and Pacheco worked for Defendant both as a Certified Nursing Assistant ("CNA") and an HHA from October 16, 2014 to October 21, 2016. (ECF No. 64 at 8 ¶¶ 4–5; *id.* at 7 ¶ 3 n.2; ECF No. 66 at 2, ¶¶ 4–5.) Defendant required HHAs to pass a competency examination that tested knowledge of, among other things, observing and documenting clients' status, reading vital signs, infection control procedures, maintaining a clean, healthy, and safe environment, and using appropriate and safe personal hygiene and grooming techniques for clients. (ECF No. 64 at 9, ¶ 12; ECF No. 3, ¶ 12.) Murphy's job duties included:

> bathing, grooming, and dressing the client; toileting the

> client; other personal hygiene maintenance for the client; conducting mobility exercises with the client; transferring the client from bed to wheelchair to chair or couch; preparing and serving meals to the client; transportation of the client to medical appointments and . . . non-medical appointments and attending those appointments with the client; running errands for the client outside of the client's home; shopping for groceries and other items for the client; traveling with the client on day and overnight trips; cleaning the client's rooms, living space, bathroom, and kitchen; making beds for the client; washing, drying and folding clothes for the client[;] washing and drying dishes for the client; sweeping, mopping, and vacuuming floors for the client; dusting for the client; and taking out the trash for the client.

(ECF No. 64 at 9; ¶ 13; ECF No. 66 at 3, ¶ 13.) Pacheco's duties were similar, except that she also provided oral care, cleaned dentures, and checked vitals, and was never assigned a client who needed transferring. (ECF No. 64 at 10; ¶ 14; ECF No. 66 at 3, ¶ 14.)

Throughout their employment, Plaintiffs regularly worked more than 40 hours per week, and Defendant did not pay Plaintiffs an overtime premium of one-and-a-half times their regular pay for time worked in excess of 40 hours. (ECF No. 64 at 10; ¶¶ 16–17; ECF No. 66 at 3, ¶¶ 16–17.) Defendant deducted expenses for advertising, automobile and truck expenses, postage, telephone, and travel. (ECF No. 64 at 8, ¶ 9; ECF No. 66 at 2, ¶ 9.)

Defendant admits all of the above facts. Indeed, other than the dispute about interstate commerce (*see* ECF No. 63 at 2–3, ¶ 1.a.–g; ECF No. 65 at 2–7, ¶ 1.a–g), the only dispute of fact concerns Defendant's provision of services to veterans. Plaintiffs contend that Defendant "provides service to veterans who came to Colorado from other states to receive service." (ECF No. 64 at 8, ¶ 10.) Defendant clarifies that

it takes referrals from the U.S. Department of Veterans Affairs office in Denver, which only refers local clients who have "come here from other States and receive service," and that Defendant only takes "referrals for the counties in Colorado [it] serve[s]." (ECF No. 66 at 2–3, ¶ 10.)

Murphy filed the Complaint on September 20, 2016, and moved for conditional certification under the FLSA on December 15, 2016. (ECF Nos. 1 & 21.) The Court granted conditional certification, and Pacheco was the only person who filed a consent to join. (ECF Nos. 52 & 57.) Defendant filed an Early Motion for Summary Judgment, arguing that the Court lacked subject matter jurisdiction over the FLSA claims and should decline to exercise supplement jurisdiction over the state law claims. (ECF No. 36.) The Court denied that motion without prejudice finding that the FLSA's interstate commerce requirements are non-jurisdictional rather than an element of an FLSA claim. (ECF No. 46 at 7.) After the close of discovery, the parties filed their summary judgment motions.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52; *Stone v.*

*Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000). A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. ANALYSIS

**A.     Plaintiffs' Partial Motion for Summary Judgment**

    1.     *FLSA (Claim 1)*

The FLSA requires employers to pay all nonexempt employees, including employees in "domestic service in one or more households," overtime compensation at a rate of at least one-and-one-half times regular pay for all hours worked in excess of 40 hours each week. 29 U.S.C. § 207(a)(1) and (l)[1]; 29 C.F.R. § 552.100(a); *see Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1104 (D.N.M. 2017). To prevail on a § 207 FLSA claim, a plaintiff must show (1) that he or she was a covered

---

[1] To avoid confusion, it is noted that this parenthetical cite is to a lowercase letter "L", and not the numeral "1".

employee of the defendant, (2) that the plaintiff worked overtime hours and the defendant did not appropriately compensate the plaintiff for the time worked; and (3) that the plaintiff or the defendant was covered by the FLSA. *Fracasse v. Ablaze Energy*, 2016 WL 8577551, at *2–3 (D. Colo. July 1, 2016); *Tripodi v. Microculture, Inc.*, 397 F. Supp. 2d 1308 (D. Utah 2005); *see also Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012) (whether plaintiff or defendant was engaged in interstate commerce is an element of an FLSA claim). An employer who violates the maximum hour provisions of § 207 is liable to the impacted employee for unpaid overtime compensation and an equal amount as liquidated damages, plus reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

### a. Employer-employee relationship

Defendant does not dispute that Plaintiffs formerly worked for Defendant as HHAs in 2015 and 2016. (ECF No. 64 at 7–8, ¶¶ 3–5; ECF No. 66 at 2, ¶¶ 3–5.) Defendant also does not raise any argument that Plaintiffs are exempt employees. *See* 20 U.S.C. § 213 (listing FLSA exemptions). Accordingly, there is no factual dispute that Plaintiffs are employees under the FLSA, and Plaintiffs have satisfied the first element of their FLSA claim.

### b. Time worked and overtime pay

The parties agree that Plaintiffs worked in excess of 40 hours a week, and Defendant did not pay overtime rates for hours worked in excess of 40 hours. (ECF No. 64 at 10; ¶¶ 16–17; ECF No. 66 at 3, ¶¶ 16–17.) There is no genuine dispute of material fact on this element of the FLSA claim, and the Court finds that Plaintiffs have satisfied this element of their FLSA claim.

      c.     <u>Engaged in interstate commerce</u>

The crux of the parties' dispute is whether Plaintiffs or Defendant are "covered" by the FLSA.  Both parties focus their arguments on whether Plaintiffs can establish individual or enterprise coverage under § 207(a)(1).  Under that subsection, Plaintiffs may show that they are entitled to FLSA protection under § 207(a)(1) by demonstrating that they, individually, are engaged in interstate commerce, or (2) that Defendant is an enterprise engaged in interstate commerce.  *Reagor*, 501 F. App'x at 808.  However, under the guise of § 207(a)(1) "individual coverage," Plaintiffs also argue that they are covered under § 207(l), which states that "any employee in domestic service in one or more households" who works longer than forty hours per week shall "receive[] compensation for such employment in accordance with subsection (a)."  29 U.S.C. § 207(l).

The Court will first address domestic service as a basis for FLSA coverage under § 207(l), and then individual and enterprise coverage under § 207(a)(1).

      i.     *Domestic Service Employment*

The FLSA explicitly states that "any employee in domestic service in one or more households" must receive overtime pay.  29 U.S.C. § 207(l).  When Congress added the provisions for domestic workers in 1974, it also amended 29 U.S.C. § 202(a) to state that "Congress further finds that the employment of persons in domestic service in households affects commerce."  *See* Pub. L. 93-259 § 7, 88 Stat. 55, 62 (1974).  The FLSA's regulations that pertain to domestic service employees review the legislative history of the domestic protections:

> Congress in section 2(a) of the [FLSA] specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93–690, pp. 21–22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93–690, pp. 21–22).

29 C.F.R. § 552.99. The federal regulations go on to define "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "services performed by employees such as . . . caretakers, . . . home health aides, personal care aides, and chauffeurs of automobiles for family use." 29 C.F.R. § 552.3.

Plaintiffs argue that they are individually covered by the FLSA because they are undisputably "employee[s] in domestic service," and therefore directly covered by the FLSA's overtime provisions. (ECF No. 64 at 14–16.) Defendant, in its Reply in Support of Defendant's Motion (rather than its Response to Plaintiffs' Motion), contends that there is "no statutory presumption of FLSA coverage for [HHAs]." (ECF No. 67 at 1.)

Other courts that have considered the question of whether employees of a third-party service who perform household services in private homes are covered by the FLSA under § 207(l) have held that the FLSA directly covers such employees, and that such employees are subject to FLSA protection. *Arenas v. Truself Endeavor Corp.*,

2013 WL 271676, at *3 (N.D. Ill. Jan. 23, 2013); *Peterson v. Snodgrass*, 683 F. Supp. 2d 1107, 1121 (D. Ore. 2010); *Hanley v. Hand'N Heart, L.L.C.*, 2007 WL 201088, at *5 (E.D. Va. Jan. 22, 2007) (finding that after the 1974 amendments to the FLSA, "coverage for domestic service employees was therefore driven by the nature of the service provided by the employees, rather than the scope of their employer's economic activity"); *Nellis v. G.R. Herberger Revocable Tr.*, 360 F. Supp. 2d 1033, 1036, 1044 (D. Ariz. 2005).

The Court finds the reasoning of these cases persuasive and, considering the text of the FLSA itself, its legislative history, and case law defining "domestic services," agrees that the FLSA directly provides coverage for domestic services employees. Thus, domestic service employees, including HHAs, are explicitly covered by the FLSA's overtime provisions. It is undisputed that Plaintiffs are HHAs, and thus domestic service employees. (ECF No. 64 at 7, ¶ 3; ECF No. 66 at 2, ¶ 3.) As such, Plaintiffs are individuals covered by the FLSA's overtime provision.

    ii.  *Individual Coverage*

Additionally, Plaintiffs argue that they were individuals engaged in interstate commerce. *See* 29 U.S.C. § 207(a)(1). Specifically, Plaintiffs argue that they "handled goods that have moved in or were produced for interstate commerce (*i.e.*, brooms, mops, vacuum cleaners, soaps, detergents, medication, medical supplies and more) as a regular part of their primary job duties." (ECF No. 68 at 4.) There is no dispute that Plaintiffs' jobs as HHAs involved cleaning the homes of clients including doing laundry, washing dishes, sweeping, mopping, vacuuming, and dusting. (ECF No. 64 at 9; ¶ 13;

ECF No. 66 at 3, ¶ 13.) Defendant argues that Plaintiffs present "no evidence regarding the origins of the alleged brooms, mops, and soaps" but rather assume that "those goods were manufactured outside of Colorado." (ECF No. 66 at 5.) Defendant argues that these "presumptions . . . are groundless" and that "Plaintiffs have presented no evidence to support any of the presumptions." (ECF No. 67 at 6.)

On a motion for summary judgment, the Court is required to draw reasonable inferences in the light most favorable to the non-moving party. However, the Court finds that it would be unreasonable to infer that *all* of the cleaning supplies used by Plaintiffs were manufactured in Colorado and thus did not move in interstate commerce. In other words, even taking all *reasonable* interferences in the light most favorable to Defendant, the Court concludes that it would be unreasonable to assume that none of the cleaning supplies handled by Plaintiffs had ever moved in interstate commerce.

The Court finds, therefore, that Plaintiffs have demonstrated there is no genuinely disputed material fact on this point, and they have also shown that they are covered under the FLSA's individual coverage provision.

### iii. *Enterprise Coverage*

A business is an "enterprise engaged in commerce" if it has employees engaged in interstate commerce or employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate] commerce by any person," and has annual gross volume of sales made or business done of at least $500,000. 29 U.S.C. §§ 203(s)(1)(A)(i)–(ii). The parties do not dispute that, at all relevant times, Defendant had two or more employees and annual gross revenue in excess of $500,000. (ECF No. 64 at 8, ¶¶ 7–8; ECF No. 66 at 2, ¶¶ 7–8.)

The only dispute is whether Defendant had employees engaged in commerce or employees "handling, selling, or otherwise working on" goods moved in interstate commerce. In its Response to Plaintiffs' Motion, Defendant contends that Plaintiffs fail to present any evidence to support their arguments about the nature of Defendant's business and Plaintiffs' work. (ECF No. 66 at 7.) The Court disagrees. As discussed above, Plaintiffs themselves are domestic workers and are engaged in interstate commerce. Moreover, as Defendant admits, Plaintiffs' job duties included cleaning for clients, such as sweeping, mopping, dusting, and vacuuming. (ECF No. 64 at 9; ¶ 13; ECF No. 66 at 3, ¶ 13.) As discussed above, it would be unreasonable for this Court to find that all of the supplies handled by Plaintiffs were manufactured in Colorado, and that they at no time ever moved in interstate commerce. Thus, the only reasonable inference, based on the undisputed facts, is that Plaintiffs handled goods that moved in interstate commerce.

Therefore, the Court concludes that under individual or enterprise coverage, as well as under the domestic service employment provision, Plaintiffs were covered by the FLSA. Plaintiffs have thus satisfied the third element of their FLSA claim.

\* \* \*

There is no genuine issue of material fact as to each element of Plaintiff's FLSA claim, and Plaintiffs have satisfied each element of their claim. Accordingly, the Court finds that Plaintiffs are entitled to summary judgment on the issue of FLSA liability and grants Plaintiffs' Motion as to their FLSA claim.

2. *Colorado State Law Claim (Claim 2)*

Plaintiffs also move for summary judgment on the liability portion of their Colorado state law claims, over which the Court has supplemental jurisdiction. (ECF No. 64 at 19–22.) Defendant's only argument against granting summary judgment is that the Court lacks jurisdiction over the federal claims, and should therefore decline to exercise supplemental jurisdiction over the state law claims. (ECF No. 66 at 8.) The Court has not dismissed the FLSA claim, see Part III.A., *supra*, and therefore continues to exercise supplemental jurisdiction over Plaintiffs' state law claim. *See* 28 U.S.C. § 1367(c).

Because Defendant did not object to Plaintiffs' Motion on substantive grounds when it had the opportunity to do so, Plaintiffs' Motion is effectively confessed. Nevertheless, this Court may not grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56. *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002). Accordingly, the Court will proceed to evaluate whether Plaintiffs have met the Rule 56 standard for summary judgment in their favor.

Plaintiffs argue that they are entitled to summary judgment on their Colorado state law claim, citing the Colorado Wage Act ("CWA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, and the "Colorado Minimum Wage Orders Numbers 32–32" ("CMWO"), 7 CCR 1103-1:4 (2015, 2016). (ECF No. 64 at 1.) The Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*, instructs the Director of the Division of Labor, Standards and Statistics at the Colorado Department of Labor and Employment

to determine the "standards of conditions of labor and hours of employment." Colo. Rev. Stat. § 8-6-106. The CMWO are the implementing regulations for the CMWA.

Plaintiffs' Motion clarifies that they seek summary judgment on their CMWA claim, as implemented by the CMWO. (ECF No. 64 at 19–22.) Under the CMWA, "an employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action." *Id*. § 8-6-118. "[N]on-exempt employees must be paid time and one-half their regular rate of pay for all hours worked in excess of 40 per week or 12 per day." *Allsopp v. Akiyama, Inc.*, 2010 WL 1258006, at *2 (D. Colo. Mar. 26, 2010); 7 CCR 1103-1:4. The CMWO defines an "employer" as "every person, firm, partnership, association, [or] corporation . . . employing any person in Colorado" and an "employee" as "any person performing labor or services for the benefit of an employer." 7 CCR 1103-1:2. Defendant bears the burden to demonstrate that an employee qualifies for an overtime exemption. *Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1238 (D. Colo. 2015) (citing *Chase v. Farmers Ins. Exch.*, 129 P.3d 1011, 1014–15 (Colo. App. 2004)).

Defendant admits that it employed Plaintiffs, that Plaintiffs worked more than 40 hours per week, and that Plaintiffs were not paid overtime rates for hours worked in excess of 40 hours per week. (ECF No. 64 at 7, 10; ¶¶ 3, 16–17; ECF No. 66 at 2–3, ¶¶ 3, 16–17.) Defendant has not set forth any argument that it was exempt from paying overtime, and it therefore has not born its burden to show that an applicable exemption exists. On these undisputed facts, the Court finds that there is no genuine dispute of material fact as to Defendant's liability under the CMWA as implemented by the

CMWO, and Plaintiffs are entitled to summary judgment on the liability portion of their Colorado state law claims.

**B.      Defendant's Motion for Summary Judgment**

Defendant seeks summary judgment contending that Plaintiffs cannot put forth any evidence that they were engaged in interstate commerce, and therefore they are not covered by the FLSA. (ECF No. 63.) As discussed above, there is no genuine dispute of material fact on this issue. To the contrary, the undisputed facts establish that Plaintiffs are covered by the FLSA, and that they are entitled to judgment as a matter of law on the issue of liability as to this claim. On this undisputed factual record, therefore, the only logical conclusion the Court can draw is that Defendant is not entitled to judgment as a matter of law under Rule 56. For this reason, the Defendant's Motion is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 64) is GRANTED;

2. Defendant's Motion for Summary Judgment (ECF No. 63) is DENIED;

3. The matter REMAINS SET for a status conference before U.S. Magistrate Judge Michael E. Hegarty on **October 10, 2019 at 1:30 p.m.** in Courtroom A501; and

4. The matter is SET for a 3-day jury trial on willfulness and damages only to begin on **March 16, 2020 at 8:30 a.m.** in Courtroom A801. A Final Trial Preparation Conference is set for **February 28, 2020** at **2:00 p.m.** in Courtroom A801.

Dated this 24th day of September, 2019.

BY THE COURT:

_____
William J. Martínez
United States District Judge